560 S.E.2d 484

**The STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**David E. McDANIEL, Defendant Below, Appellant.**

No. 28740.

Supreme Court of Appeals of West Virginia.

Submitted June 5, 2001.

Decided July 6, 2001.

Scott Smith, Esq., Prosecuting Attorney, Stephen L. Vogrin, Esq., Assistant Prosecuting Attorney, Ohio County Prosecuting Attorney's Office, Wheeling, for Appellee.

Stephen D. Herndon, Esq., Heather S. Wood, Assistant Public Defender, Wheeling, for Appellant.

PER CURIAM.

The instant case is before this Court on an appeal from the Circuit Court of Ohio County. The appellant, David E. McDaniel, was charged with the felony offenses of sexual assault in the second degree, *W.Va.Code,* 61–8B–4 [1991] and burglary, *W.Va.Code,* 61–3–11 [1993]. A jury trial was held on February 2–3, 2000, and Mr. McDaniel was found guilty of the lesser included offense of sexual abuse in the first degree, and of burglary. The circuit court imposed consecutive sentences of 1 to 5 years (plus a $10,000 fine) for the offense of sexual abuse in the first degree, and 1 to 15 years for the offense of burglary. Mr. McDaniel appeals his conviction.

### I.

The State charged that on April 14, 1999, Mr. McDaniel broke into an apartment where Terri O.[1] resided, and while Ms. O. was sleeping, Mr. McDaniel penetrated Ms. O.'s vagina with his finger. Mr. McDaniel admitted to being in Ms. O.'s apartment on the night in question. According to Mr. McDaniel, however, he and Ms. O had a consensual sexual relationship.

At Mr. McDaniel's trial, the State called as a witness Brenda D., who testified that approximately 12 years earlier, in 1987, Mr. McDaniel had broken into Ms. D.'s apartment and had beaten and raped her. Ms. D. never reported the alleged beating and rape to the police. Mr. McDaniel admitted at trial to having a sexual relationship with Ms. D., but he denied raping or beating her.

Before Mr. McDaniel's trial, the State disclosed the substance of Ms. D.'s proposed testimony to Mr. McDaniel. The State also disclosed that on December 29, 1998, Ms. D. had pled guilty in Ohio to the misdemeanor offense of "Complicity in Theft." Specifically, while working at the checkout counter at a discount store, Ms. D. would checkout certain customers but would not ring up all their items. Later, she and the customers would split the unpaid-for merchandise.

At trial, the circuit court allowed Ms. D. to testify that Mr. McDaniel had raped Ms. D. in 1987. However, the circuit court did not allow Mr. McDaniel to impeach Ms. D. with evidence of her prior conviction.

Mr. McDaniel asserts four assignments of error: (1) the trial court erred in admitting Ms. D.'s testimony regarding the 12–year–old allegation of rape; (2) the trial court erred by not allowing Mr. McDaniel to impeach Ms. D. with her prior conviction; (3) the trial court erred in failing to allow Mr. McDaniel to present evidence to the effect that, prior to the time of the alleged sexual abuse, Mr. McDaniel had told several persons that he was having a sexual relationship with Ms. O; and (4) the verdict form on which the jury convicted Mr. McDaniel specified the offense of "misdemeanor burglary," which is not a crime in West Virginia.

We find that Mr. McDaniel's conviction must be reversed, based on the admission of Ms. D.'s testimony and the exclusion of the impeachment evidence.

### II.

■ The first asserted error involves the admission of "prior bad acts" evidence under

---

**1.** ⸰ Consistent with our practice in cases involving sensitive matters, we use the victim's initials.

**12**

*W.Va. Rules of Evidence* 404(b) [1994].[2] Typically, evidence of other uncharged crimes is not admissible against a defendant in a criminal case. This general exclusion is to

> ... prevent the conviction of an accused for one crime by the use of evidence that he has committed other crimes, and to preclude the inference that because he had committed other crimes previously, he was more liable to commit the crime for which he is presently indicted and being tried.

*State v. Thomas,* 157 W.Va. 640, 654, 203 S.E.2d 445, 455 (1974). However, relevant "other acts" evidence may be introduced for certain specific purposes if the evidence's probative value outweighs its prejudicial effect.

We said in Syllabus Point 1, *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990) that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. W.Va.R.Evid. 404(b)."

 Because of the potential for unfair prejudice that is inherent in "prior bad acts" evidence, the following standard is used when trial courts are deciding whether to admit Rule 404(b) evidence:

> Where an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin,* 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the

trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

Syllabus Point 2, *State v. McGinnis,* 193 W.Va. 147, 455 S.E.2d 516 (1994).

 In cases that involve the interpretation of the *West Virginia Rules of Evidence* and the admissibility of evidence, two standards of review are applied. In *State v. Sutphin,* 195 W.Va. 551, 466 S.E.2d 402 (1995), this Court said that:

> There are two interrelated standards that apply .... First, an interpretation of the West Virginia Rules of Evidence presents a question of law subject to de novo review. Second, a trial court's ruling on the admissibility of testimony is reviewed for an abuse of discretion, "but to the extent the [circuit] court's ruling turns on an interpretation of a [West Virginia] Rule of Evidence our review is plenary."

195 W.Va. at 560, 466 S.E.2d at 411 *quoting Gentry v. Mangum,* 195 W.Va. 512, 518 n. 4, 466 S.E.2d 171, 177 n. 4 (1995).

---

**2.** *West Virginia Rules of Evidence* 404(b) states:
> Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he or she acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

■ Additionally, a three-step analysis is used in reviewing a circuit court's Rule 404(b) evidentiary rulings.

The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) [of the *West Virginia Rules of Evidence*] involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. LaRock*, 196 W.Va. 294, 310–311, 470 S.E.2d 613, 629–630 (1996) (footnote and citations omitted).

■ The trial court judge must carefully scrutinize proffered Rule 404(b) evidence before allowing the evidence to be heard by the jury. Rule 404(b) evidence must be offered for a specific and legitimate purpose.

When offering evidence under Rule 404(b) of the West Virginia Rules of Evidence, the prosecution is required to identify the specific purpose for which the evidence is being offered and the jury must be instructed to limit its consideration of the evidence to only that purpose. It is not sufficient for the prosecution or the trial court merely to cite or mention the litany of possible uses listed in Rule 404(b). The specific and precise purpose for which the evidence is offered must clearly be shown from the record and that purpose alone must be told to the jury in the trial court's instruction.

Syllabus Point 1, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994).

Legitimate purposes include proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *W.Va.R.E.* 404(b) [1994]. Rule 404(b) evidence also can be admissible as proof of *modus operandi*. *State v. Dolin*, 176 W.Va. 688, 698 n. 14, 347 S.E.2d 208, 218 n. 14 (1986) (*overruled, in part, on other grounds by State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990)); *McGinnis*, 193 W.Va. at 156, 455 S.E.2d at 525.

■ *Modus operandi* is the "theory that where a defendant commits a series of crimes which bear a unique pattern such that the *modus operandi* is so unusual it becomes like a signature." *State v. Dolin*, 176 W.Va. at 698, n. 14, 347 S.E.2d at 218, n. 14. *Modus operandi* may be admissible as Rule 404(b) evidence.

Other-crime evidence may be admitted if the evidence of other crimes is so distinctive that it can be seen as a "signature" identifying a unique defendant, such as the infamous Jack the Ripper .... [E]vidence of the commission of the same type of crime is not sufficient on this theory unless the particular method of committing the offense, the *modus operandi* (or m.o.), is sufficiently distinctive to constitute a signature. Other-crimes evidence is not permissible to identify a defendant as the perpetrator of the charge act simply because he or she has at other times committed the same garden variety criminal act . . . .

2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 404.22[5][c], at 404–121 to 404–122 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed.2001).

■ When Rule 404(b) evidence is offered to establish *modus operandi*, the proffering party must make a showing of substantial similarity and uniqueness to establish the proffered evidence's probative value. *See State v. McGinnis*, 193 W.Va. at 156, 455 S.E.2d at 525.

For evidence of an uncharged crime or "bad act" to be admitted under Rule 404(b), the trial court must find that the State proved the uncharged crime or "bad act" by preponderance of the evidence. Syllabus Point 2, *State v. McGinnis*, *supra*. "The evidence is relevant only if the jury can reasonably infer that the act occurred and that the defendant was the actor." *State v. McGinnis*, 193 W.Va. at 155–156, 455 S.E.2d at 524–525.

■ Additionally, Rule 404(b) evidence must not cause unfair prejudice. "Evidence of other vices and crimes is excluded not because of its inherent lack of probative val-

ue, but rather as a precaution against inciting undue prejudice and permitting the introduction of pointless collateral issues . . . ." *State v. McGinnis,* 193 W.Va. at 153 n. 5, 455 S.E.2d at 522 n. 5, *citing* I Franklin D. Cleckley, *Handbook on Evidence for West Virginia Lawyers,* 4–5(A) at 325 (3rd Ed.1994).

In the exercise of discretion to admit or exclude evidence of collateral crimes and charges, the overriding considerations for the trial court are to scrupulously protect the accused in his right to a fair trial while adequately preserving the right of the State to prove evidence which is relevant and legally connected with the charge for which the accused is being tried.

Syllabus Point 16, *State v. Thomas,* 157 W.Va. 640, 203 S.E.2d 445 (1974).

■ Applying the foregoing standards, we first review for clear error the trial court's factual determinations. At the *in camera* hearing required by *Dolin* and *McGinnis,* Ms. D. testified to being raped and beaten by Mr. McDaniel. The circuit court found by a preponderance of the evidence that Ms. D.'s allegations were true. The circuit court further found that the probative value of the evidence was not outweighed by its prejudicial effect.

Although the evidence offered by Ms. D. was over 12 years old, somewhat contradictory,[3] and uncorroborated, we find no clear error in the trial court's determination that the evidence was sufficient for a jury to conclude that the attack did occur.

We next review the purpose for which the trial court admitted the evidence. In the instant case, the State offered the evidence to establish *modus operandi.* Typically, *modus operandi* evidence is used when the defendant's identity is in question. *See; e.g., U.S. v. McDowell,* 250 F.3d 1354, 1364 (11th Cir.2001); *Coleman v. Mitchell,* 244 F.3d 533, 542 (6th Cir.2001); *U.S. v. Rodriguez,* 215 F.3d 110, 119 (1st Cir.2000); *State v. Sladek,* 835 S.W.2d 308, 317 (Mo.1992). In the instant case, Mr. McDaniel's identity was not at issue. Ms. O. knew and identified Mr. McDaniel. Mr. McDaniel admitted to being

in Ms. O.'s bedroom on the night in question, and at least one other witness placed Mr. McDaniel in Ms. O.'s apartment on the night in question.

■ We next compare the two alleged incidents to determine if they tend to establish a unique pattern or signature *"modus operandi"* as explained in *Dolin.* The two alleged incidents are similar because in both instances, the attacker broke into a victim's home at night. However, the incident against Ms. D. allegedly involved a forcible beating and rape, where the attacker forced his way to complete sexual assault, despite the victim's strenuous and lengthy efforts to fight off her attacker. In contrast, Ms. O. did not make any allegation of a beating or an attempt to rape. Further, Ms. O. testified that she woke up to a touching, and ordered her attacker out of her bedroom, whereupon Mr. McDaniel left. Ms. D. testified that she was physically attacked by a single individual. Ms. O., in contrast, testified that two people were present in her home during her attack. Ms. D. testified that she had no further contact with her attacker, while Ms. O. testified that the defendant attempted to contact her several times soon after the incident.

We conclude that the two alleged incidents were not sufficiently similar nor sufficiently unique, to invoke the *modus operandi* principle. We therefore conclude that the State's Rule 404(b) evidence did not meet the legitimate purpose test.

■ Having found that the Rule 404(b) evidence was not offered for a legitimate purpose, it is not necessary for this Court to consider the probative value of the evidence versus the evidence's prejudicial effect. However, we observe that a Rule 404(b) analysis necessarily involves a holistic balancing of relevant considerations, weighing the defendant's right to a fair trial and the State's right to prove its case by introducing relevant evidence. In such a balancing, where the potential for unfair prejudice is great, the legitimate purpose of the 404(b) evidence must be particularly well shown. Conversely, where the potential for prejudice is slight,

---

**3.** Ms. D. claims that she engaged in a 2–hour struggle with her attacker but suffered no marks or injuries. She further testified that she was also screaming but that her two children slept through the attack.

the legitimate purpose of the evidence can be less compellingly shown by the State.

In the instant case, the potential for unfair prejudice, by permitting evidence to come before the jury alleging that the defendant had previously raped a woman, was enormous. Any jury, no matter how well instructed, would be sorely tempted to convict a defendant simply because of such a prior act, regardless of the quantum of proof of the offense for which the defendant was actually charged. "The trial court must understand that it alone stands as the trial barrier between legitimate use of Rule 404(b) evidence and its abuse." *State v. McGinnis*, 193 W.Va. at 155, 455 S.E.2d at 524.

■ Having concluded in the instant case that the Rule 404(b) evidence should not have been admitted, we need not discuss at length whether the circuit court erred in not allowing impeachment of Ms. D. with evidence of her prior conviction. However, we note that *West Virginia Rules of Evidence* 609(a)(2)(B) [1994] states:

> [E]vidence that the witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

Ms. D. unlawfully and fraudulently converted to her own use goods that belonged to her employer, and was convicted of the misdemeanor of "complicity in theft" in December 1998. This was a crime of dishonesty. By not allowing Mr. McDaniel to impeach Ms. D. with her criminal conviction, the trial court abused its discretion.[4]

### III.

Evidentiary rulings are within the sound discretion of the trial court; but trial courts

4. With respect to Mr. McDaniel's assertion that the trial court improperly refused to let him call witnesses who would say that Mr. McDaniel told them that he was having a sexual relationship with Ms. O., we observe that a prior consistent statement may not be hearsay if it is introduced for the purpose of rebutting an accusation of recent fabrication. "Under *West Virginia Rules of Evidence* 801(d)(1)(B) [1994] a prior consistent out-of-court statement of a witness who testifies and can be cross-examined about the statement, in order to be treated as non-hearsay under the provisions of the Rule, must have been made before the alleged fabrication, influence, or motive came into being." Syllabus Point 6, *State v.*

must pay particular attention to the possibility of unfair prejudice when considering evidence under *West Virginia Rules of Evidence* 404(b). Mr. McDaniel may or may not be guilty of the offenses with which he was charged. But he is in any event entitled to a fair trial on the merits of the charges against him.

For the above discussed reasons, Mr. McDaniel's convictions for sexual abuse in the first degree and burglary are reversed, and this case is remanded for a new trial.

Reversed and Remanded.

MAYNARD, Justice, dissenting.

I respectfully dissent for several reasons. First, I believe the two assaults share sufficient similarities to establish *modus operandi*. The victim in each event was known to the defendant prior to the attack; the defendant stated that, at different times, he was involved in a sexual relationship with both Terri O. and Brenda D. Both incidents involved nighttime burglaries. Both victims were sexually assaulted. Both victims identified their attacker. Unlike the majority, I do not conclude that the differences of beating one victim during a sexual assault and failing to beat the victim of a second assault or bringing another person along during one incident and failing to do so during a second incident make the attacks so dissimilar as to preclude the admission of otherwise admissible evidence.

The majority finds no fault with "the trial court's determination that the evidence was sufficient for a jury to conclude that the attack [on Brenda D.] did occur." They instead conclude that the evidence "did not meet the legitimate purpose test" under

*Quinn*, 200 W.Va. 432, 490 S.E.2d 34 (1997). If these witnesses are proffered again at a retrial, the trial court should review the proposed testimony *in camera* and decide if the testimony could, if believed, buttress Mr. McDaniel's version of events by rebutting the suggestion of recent fabrication. If the circuit court finds that the evidence is relevant in this fashion, then the circuit court should admit the evidence.

Also, with respect to Mr. McDaniel's assertion that the jury convicted him of a crime that does not exist in West Virginia, specifically, the *misdemeanor* offense of "Burglary," we find no reason to address this issue. However, the trial court is cautioned to correct this obvious error on retrial.

West Virginia Rule of Evidence 404(b). But even if this test were met, the majority would nonetheless disallow Brenda D.'s testimony because the evidence would unfairly prejudice the jury. I simply do not agree. I do not believe the probative value of a previous sexual assault is outweighed by the danger of unfair prejudice when the offense before the court is sexual assault. Sex crimes, unlike other classes of crime, are particularly susceptible of repetition. If we know anything about people who commit violent sexual crimes, we know they do not commit one rape and quit—they will be compelled to commit the same crime again; possibly again and again.

To take this evidence from the jury undermines the confidence we customarily place in juries. I agree with the circuit court that the testimony is admissible. Whether or not to believe the witness is a job for the jury. The amount of weight to be given the testimony is a job for the jury.

Next, I believe the circuit court did not err by ruling the defendant could not impeach Brenda D. with evidence of her prior conviction. That ruling is correct. "Complicity in Theft" is a misdemeanor. To use a misdemeanor to impeach a witness, the crime *must* involve dishonesty or false statement. West Virginia Rule of Evidence 609(a)(2) clearly states:

> (2) All witnesses other than criminal defendants.—For the purpose of attacking the credibility of a witness other than the accused
>
> (A) evidence that the witness has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and
>
> (B) evidence that the witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

This Court has seriously limited the class of misdemeanors which may be used for impeachment purposes. In *State v. Rahman*, 199 W.Va. 144, 483 S.E.2d 273 (1996), the defendant attempted to impeach the State's witness who had a shoplifting conviction. The circuit court ruled the evidence was in-

admissible for impeachment purposes, stating "it is not an offense involving dishonesty or false statement under West Virginia Rule of Evidence 609(a)(2)(B)." *Id.*, 199 W.Va. at 154, 483 S.E.2d at 283. On appeal, the defendant maintained the court erred. In upholding the circuit court's ruling, this Court said:

> Although there has been some disagreement, "federal courts and most state courts are unwilling to conclude that offenses such as petty larceny, shoplifting, robbery, possession of a weapon, and narcotics violations are per se crimes of 'dishonesty and false statement.' "

*Id.* If the crime of shoplifting cannot be used to impeach a witness, which this Court has plainly held, then surely the crime of having someone shoplift for you cannot be used to impeach a witness.

Because I believe the trial court did not err in allowing Brenda D. to testify or by disallowing impeachment with a misdemeanor that does not involve dishonesty, I would affirm the defendant's conviction. Accordingly, I respectfully dissent.