No. 12-0189 – *State v. Charles Edward Bruffey*

**FILED**

**June 18, 2013**

**released at 3:00 p.m.**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Justice Ketchum, dissenting:

There were two errors committed in the trial that severely prejudiced the defendant's right to a fair trial.

First, the jury was told three times that the defendant elected not to give a statement to the police. First-year law students are taught that state and federal Constitutions prohibit a defendant's silence from being mentioned at trial. Indeed, our cases have long held that comments may not be made during trial about a defendant's silence. Syl. Pt. 1, *State v. Boyd*, 160 W.Va. 234, 233 S.E.2d 710 (1977); *accord Doyle v. Ohio*, 426 U.S. 610 (1976). In West Virginia, criminal defendants are still presumed to be innocent. Therefore, a defendant's refusal to talk to the police cannot be published to the jury. *State v. Taylor*, 57 W.Va. 228, 50 S.E. 247 (1905).

Lawyers who have actually defended criminal jury trials know that jurors tend to shut their minds to the relevant facts and a defendant's innocence when told the defendant elected to remain silent and not be interrogated by the police.

1

The problem here is that the defendant's lawyer did not object and our rules provide that the error is waived unless it is plain error. I believe the prosecutor's introduction of defendant's silence three times into a trial is plain error. It is such a fundamental personal right that it cannot be waived because a defendant's lawyer did not object. After all, the defendant is the one subject to prison, not his lawyer.

We have held that a brief reference to a defendant's silence is not plain error and is not grounds for reversal. *State v. Marple*, 197 W.Va. 47, 475 S.E.2d 47 (1996). However, the prosecutor presenting the defendant's silence to the jury three times is not a brief reference.

Secondly, the court allowed 404(b) evidence to be introduced **without first taking evidence** in a pre-trial *McGinnis* hearing. *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994). After conducting what the judge said was a *McGinnis* hearing on the proposed 404(b) evidence, the judge wrote an order containing detailed findings of fact as to why a second **alleged** crime was admissible in defendant's trial. The judge found by a preponderance of the evidence that the defendant committed a second crime and evidence of this second crime was admissible at trial.

The problem is the defendant may be found "not guilty" in the trial for the second alleged robbery. It is fundamentally wrong to convict a defendant of a crime by presenting evidence of an "uncharged" alleged crime to a jury. I addressed this problem in *State v. Willett*, 223 W.Va. 394, 401, 674 S.E.2d 602, 609 (2009) (per curiam) (Ketchum, J., dissenting):

> When I first started practicing law in 1967, prosecutors rarely if ever tried to convict a defendant using evidence of "uncharged misconduct" and "other bad acts." Courts were exceptionally restrictive, and rarely allowed the use of collateral crimes to be admitted. The defendant was tried for the crime charged in the warrant or the indictment. The common-law rule of evidence on "other bad acts" in West Virginia was a clear rule of exclusion: the evidence could not be admitted, except for a few narrow exceptions.
>
> It was axiomatic that when a person was placed on trial for the commission of a particular crime, if the person was going to be convicted, then the person was going to be convicted based upon evidence showing the person's guilt of the specific offense charged in the indictment. Nothing more, nothing less.

The problem in the present case is that the judge heard no evidence upon which to base his detailed findings of fact. The judge based his findings only on the **assertions** of the prosecutor at the pre-trial hearing. No evidence was presented. Our law requires that the judge take evidence and find, by a preponderance of the evidence, that the elements of 404(b) are satisfied. *State v. McDaniel*, 211 W.Va. 9, 560 S.E.2d 484 (2001).

Furthermore, there was no independent evidence introduced showing that the defendant committed the robbery for which he was indicted. The only information linking the defendant to this robbery was 404(b) evidence the judge allowed concerning a second robbery that happened two months later. The failure to take evidence at the *McGinnis* 404(b) hearing was critical and constitutes reversible error.

I disagree with the majority, and respectfully dissent.